MILTON N. WALLS vs. PEOPLES RAILWAY COMPANY, a corpora-
tion of the State of Delaware.

1. PLEADING—ISSUES—ADMISSIONS—EFFECT.
   Facts admitted or agreed to by the parties need not be proved.
2. TRIAL—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.
   The credibility of the witnesses is for the jury.

3. MASTER AND SERVANT—OBLIGATION OF MASTER—SAFE APPLIANCES.

A master must furnish to his servant reasonably safe and proper appliances and keep them in a reasonably safe condition; but he need not furnish the safest, best, or most improved appliances.

4. MASTER AND SERVANT—ASSUMPTION OF RISK.

A servant assumes the ordinary risks incident to his employment, such as are patent, seen, and known, or which may be seen and known by the ordinary use of his senses; but he does not assume risks involving the primary duty of the master to furnish reasonably safe appliances and to keep the same in a reasonably safe condition.

5. MASTER AND SERVANT—OBLIGATION OF SERVANT—CARE REQUIRED.

A servant must exercise due care in the course of his employment to avoid danger and injuries, since a master performing the primary duties required of him is not an insurer of the servant's safety.

6. MASTER AND SERVANT—INJURY TO SERVANT—LIABILITY OF MASTER.

Where a company operating a trolley line exercised reasonable care in the inspection of the appliances required for the proper operation of cars, and the appliances were in reasonably good working condition when last inspected before an accident, and a defect in the appliances was not discovered in time to reasonably permit the repair thereof or a discontinuance of the operation of the car, the defect was not actionable negligence.

7. MASTER AND SERVANT—DUTY OF SERVANT—OPERATOR OF TROLLEY CARS.

A motorman, operating a trolley car, must exercise reasonable care for his protection, and he must carefully look out for obstructions that may be seen on the track; and a motorman who has knowledge of the existence of any obstruction, or who has information from which the existence of danger may be reasonably anticipated, is put on his guard, and he must exercise a greater degree of care in running his car and in looking out for the danger, and take such precautions to avoid injury therefrom as an ordinarily prudent person would take under similar conditions.

8. MASTER AND SERVANT—INJURY TO SERVANT—FELLOW SERVANTS.

A servant cannot recover from the master for injuries caused by the negligence of a fellow servant, in the selection of whom the master used due diligence and furnished him with suitable means to perform a service required of him.

9. MASTER AND SERVANT—INJURY TO SERVANT—ASSUMPTION OF RISK.

A servant assumes the negligence of fellow servants, who are servants in the same employment.

10. MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

The voluntary intoxication of a servant at the time of a personal injury may be considered in determining whether he took reasonable care for his safety; but the jury must be satisfied that at the time of injury he was intoxicated, and that by reason thereof he failed to take reasonable care for his safety.

**11.   MASTER AND SERVANT—INJURY TO SERVANT—BURDEN OF PROOF.**

A servant, suing for a personal injury negligently inflicted by the master, has the burden of proving by preponderance of the evidence the master's negligence.

**12.   NEGLIGENCE—"NEGLIGENCE" DEFINED.**

"Negligence" is the failure to observe for the protection of another the degree of care which the circumstances justly demand, whereby such other person suffers injury.

**13.   MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLI-
GENCE.**

A servant, receiving a personal injury in consequence of his own negligence contributing to the accident, cannot recover damages.

**14.   DAMAGES—PERSONAL INJURIES—MEASURE OF DAMAGES.**

One sustaining a personal injury negligently inflicted by another is entitled to recover such an amount as will compensate him for his pain and suffering, and for any loss of wages suffered thereby, and for any impairment of ability to earn a living in the future resulting from the injuries.

*(March 23, 1911.)*

PENNEWILL, C. J., and RICE and CONRAD, J. J., sitting.

*W. W. Knowles* and *Levin Irving Handy* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, March Term, 1911.

ACTION ON THE CASE (No. 54, September Term, 1910), brought by Milton N. Walls for personal injuries alleged to have been received by the said plaintiff while in the employ of the defendant as a motorman on one of its trolley cars running between Brandywine Springs and Wilmington, occasioned by a collision with the rear end of another trolley car, alleged to have been due to the negligence of the defendant.

The facts and questions presented appear in the charge of the court.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by the plaintiff to recover from the defendant company damages for personal injuries alleged to have been caused by the negligence of the defendant.

The plaintiff claims that about nine o'clock on the night of May 30, 1910, he was the motorman operating one of the defend-

Charge.

ant's cars between this city and Brandywine Springs, and when returning from the last-named place, and running at a moderate rate of speed, his car collided with the rear end of another one of the defendant's cars which was standing still and unlighted at a point between Roselle and Elsmere. That the car with which his car collided could not be seen by the plaintiff, because of the absence of any light or warning, until it was so close as to make collision inevitable. That as a result of the collision the plaintiff was injured, and to recover for his injuries he has brought this suit.

The specific acts of negligence relied upon by the plaintiff are set out in his declaration, which consists of three counts.

In the first count it is alleged that the defendant carelessly and negligently operated its trolley car on its said railway and track ahead of the trolley car on which the plaintiff was then and there working as motorman, in the night time, without any rear light burning on the said trolley car ahead of the said plaintiff, and as a consequence of said carelessness and negligence of the said defendant the said plaintiff came upon the said unlighted trolley car.

In the second count it is charged that the said defendant carelessly and negligently suffered and permitted a certain car to remain standing on its railway tracks without any notice or warning being given to the plaintiff.

In the third count it is averred that the defendant carelessly and negligently permitted its said trolley car ahead of the one on which the plaintiff was working to be then and there operated with a trolley pole which was bent and crooked and thereby rendered liable to get off of the trolley wire which supplied the electric current.

[1] It is agreed by and between the parties to the action, that the defendant company was running and operating the two cars which were in this rear-end collision; that those cars were trolley cars, operated by electricity; that the defendant company had the legal right to operate those cars on the tracks at the time and place that the accident happened.

Such facts, therefore, being agreed to, or admitted, were not required to be proved.

[2]  We have been requested by the defendant to direct you to return a verdict in its favor. This we decline to do because we think the case should be submitted to you for your decision upon the evidence, applying thereto the law as we shall declare it. The testimony, as well as the credibility of the witnesses, are for the jury, and not for the court, to determine.

[3]  The relation existing between the defendant company and the plaintiff at the time of the accident was that of master and servant, and the primary duty imposed upon the defendant towards the plaintiff in the course of his employment, by reason of this relation, was to furnish him reasonably safe and proper appliances and equipment with which to operate his car, and to keep and maintain such appliances and equipment in a reasonably safe condition. But this court has repeatedly held that the appliances and equipment used need not be of the safest, best, nor of the most improved kind. It is sufficient if they be reasonably safe and adapted to the purpose of the employment or work required.

[4, 5]  If the master fails to observe this rule of law and injury results to his servant from such failure, he becomes liable therefor on the ground of negligence. The servant assumes no risk whatever as to these primary duties, but he does assume all the ordinary risks incident to his employment, such as are patent, seen and known, or which may be seen and known by the ordinary use of his senses. And he is required to exercise due care and caution in the course of his employment to avoid danger and injuries; for the master having performed the primary duties required of him, is not an insurer of the safety of his servant.

[6]  If the defendant company exercised reasonable care in the inspection of the appliances required for the proper running and operation of the car, and such appliances were in reasonably good working condition when last inspected before the accident, and any defect in said appliances was not discovered in time to reasonably permit the defendant to repair the same or supply others in their place, or to discontinue the operation of the car, the

existence of the defects complained of would not constitute negligence on the part of the defendant.

[7] It is the duty of a motorman in operating a railway car to exercise reasonable care and caution for the protection of himself as well as his passengers. And to this end he should carefully look out for obstructions that may be seen on the track. If by a reasonable use of his senses the plaintiff could have seen the car ahead of him in time to have averted the collision he cannot recover.

If a motorman has knowledge of the existence of any obstruction or danger on the track, or if he has warning or information from which the existence of such danger could be reasonably anticipated or apprehended, he is put upon his guard, and it is his duty to exercise a greater degree of care in running his car, in looking out for the obstruction or danger, and to take all such precautions to avoid injury therefrom as an ordinarily prudent person would take under such conditions.

[8] A servant cannot recover from the master for injuries caused by the negligence of a fellow servant in the selection of whom the master had used due diligence.

It is not denied that the plaintiff and the conductor of the car with which he collided were fellow servants. Therefore, if you believe that the plaintiff's injuries were caused solely by the carelessness or negligence of said conductor your verdict should be in favor of the defendant.

[9] The general rule upon the subject is that he who engages in the employment of another for the performance of specific duties for compensation takes upon himself the natural and ordinary risks and perils incident to the performance of such service, which includes the carelessness and negligence of fellow servants, that is, of those who are in the same employment.

Where a master uses diligence in the selection of capable and trustworthy servants, and furnishes them with suitable means to perform the service in which he employs them, he is not answerable to one of these for an injury received by him in consequence of the carelessness of another while both were engaged in the

same service. *Wheatley v. P., W. & B. R. R. Co.*, 1 *Marv.* 305, 30 *Atl.* 660.

[10]   The voluntary intoxication of the person injured, when proved, may be considered by the jury in determining whether such person at the time of the accident was taking such care for his safety as is required of a reasonably prudent man under the circumstances.   But to consider this question of intoxication at all, the jury should be satisfied from the evidence that at the time of the accident the plaintiff was intoxicated, and that by such intoxication he failed to take such reasonable care for his safety as the circumstances required.

[11]   This action, as you doubtless understand, is based upon the alleged negligence of the defendant.   The burden of proving such negligence is cast upon the plaintiff, and it must be proved to your satisfaction by a preponderance of the evidence, for negligence is never presumed.   Whether there was any negligence at the time of the accident, and whose, must be determined by you from the evidence, under all the facts and circumstances detailed by the witnesses.

[12]   Negligence, in a legal sense, has been defined to be the failure to observe for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury.

[13]   It is contended by the defendant that the plaintiff was guilty of contributory negligence at the time of the accident; that is to say, that the injuries received by the plaintiff were caused by his own negligence, or his own negligence contributed to the accident from which they resulted.   If you believe this to be true your verdict should be in favor of the defendant because it is the law that if a person is injured he cannot recover damages therefor if it is shown that his own negligence contributed proximately thereto.

If, therefore, you believe from the testimony that the plaintiff saw, or by the exercise of reasonable care and caution could have seen the car ahead of him, or known of its proximity in time to have avoided the collision, but did not do so, and for that rea-

son the accident happened, he contributed to his own injuries, and cannot recover even though the defendant was guilty of some negligence.

[14]   In conclusion, gentlemen, we say, that if you are satisfied from the preponderance or weight of the evidence that the plaintiff's injuries were caused by the negligence of the defendant in failing to perform some duty it was required by the law to perform, and are also satisfied that the plaintiff was not himself guilty of contributory negligence which proximately contributed to his injuries, your verdict should be in favor of the plaintiff, and for such an amount as you believe from the testimony would reasonably compensate him for his pain and suffering caused by the negligence of the defendant, and also for any loss of wages suffered by him in the past, as well as for any impairment of ability to earn a living in the future, as may be shown to be the result of the defendant's negligence.

If, however, you believe the injuries complained of were not caused by the defendant's negligence, or that they were caused solely by the negligence of a fellow servant, or if you believe the plaintiff's own negligence contributed proximately to his injuries, your verdict should be in favor of the defendant.

Verdict for plaintiff.